# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSAMUEL MCCREARY, | : | CIVIL NO: 1:15-CV-01458 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| DAVID J. EBBERT, | : | |
| | : | (Magistrate Judge Schwab) |
| Respondent. | : | |

## **REPORT AND RECOMMENDATION**

**I. Introduction.**

In this 28 U.S.C. § 2241 habeas corpus petition, Petitioner, Jusamuel McCreary ("McCreary"), is challenging his criminal conviction and sentence. Because McCreary may not raise such a claim by way of a § 2241 habeas petition, we recommend that the petition be dismissed.

**II. Background and Procedural History.**

McCreary's present incarceration in the United States Penitentiary in Lewisberg ("USP-Lewisburg") stems from his involvement in an armed robbery in North Carolina. *Doc. 5-1* at 17-21; *United States v. McCreary*, 3:06-cr-00190-RJC-1 (W.D.N.C.)(*Docs. 1 & 65*).

In 2006, after a grand jury in the United States District Court for the Western District of North Carolina returned a seven-count indictment against McCreary, McCreary entered into a plea agreement where he pleaded guilty to two counts: (1) robbery by force, violence and intimidation, and aiding and abetting the same, in violation of 18 U.S.C. § 1951 and 2 (count two), and (2) use and carrying of a firearm in furtherance of a crime of violence, and aiding and abetting the same in violation of 18 U.S.C. § 924(c)(1) and 2 (count three). *United States v. McCreary*, 3:06-cr-00190-RJC-1 (W.D.N.C.)(*Doc. 1* at 2-3)(indictment); *Id*. at *Doc. 65* at 1 (judgment); *Id*. at *Doc. 34* at 1-8 (plea agreement). In return for his guilty plea, the government dismissed the remaining four counts. *Id*. at *Doc. 34* at 1 (plea agreement). The District Court sentenced McCreary to 151-months imprisonment on count two, and 120 consecutive months on count three. *Id.* at *Doc. 65* at 1-2 (judgment).

In 2008, McCreary appealed this judgment to the United States Court of Appeals for the Fourth Circuit, challenging, among other things, his designation as a career offender which contributed to increasing his sentence. *United States v. McCreary,* 317 F. App'x. 333, 335-36 (4th Cir. 2009). The Fourth Circuit rejected McCreary's appeal and affirmed both his conviction and sentence. *Id.*

In March and April of 2012, McCreary filed three motions in the Western District of North Carolina: a motion to rectify the record, a motion for a redress of

grievances, and a motion to correct the docket. *United States v. McCreary*, 3:06-cr-00190-RJC-1 (W.D.N.C.)(*Docs. 81-83*)(motions). The District Court denied each of these motions and advised McCreary to seek relief under 28 U.S.C. § 2255. *Id.* at *Doc. 84* (order). Because more than one year had elapsed since McCreary's conviction, the District Court advised McCreary to explain why his § 2255 motion should be deemed timely. *Id.* at 1-2.

In May of 2012, McCreary, appearing *pro se*, filed a motion in the Western District of North Carolina to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255[1], arguing, *inter alia*, that the "United States lacked jurisdiction to prosecute him under the federal statutes for which he was charged, and the Court lacked jurisdiction to impose his sentence following conviction." *McCreary v. United States*, 2012 WL 2569077 *1 (W.D.N.C. 2012); *United States v. McCreary*, 3:06-cr-00190-RJC-1 (W.D.N.C.)(*Doc. 87* at 2-7)(first § 2255 motion)(*Doc. 87-2* at 1-3)(motion for leave to file)(*Doc. 87-3* at 1-4)(memorandum in support). As a result, McCreary contended that the "culmination of these collective constitutional violations" rendered him "'actually, legally, and factually innocent of any [and] all of the federal statutes' under which he was convicted and sentenced.'" *McCreary v. United States*, 2012 WL 2569077 *1 (W.D.N.C. 2012)(quoting McCreary's

---

[1] Before filing his first § 2255 motion, McCreary asked the court to reconsider its Order denying his three motions. *United States v. McCreary*, 3:06-cr-00190-RJC-1 (W.D.N.C.)(*Doc. 85*)(McCreary's motion for reconsideration). The court denied this request. (*Id.* at *Doc. 86*)(order denying motion for reconsideration).

memorandum in support of his § 2255 motion). In July of 2012, the District Court dismissed McCreary's § 2255 motion because he failed to demonstrate why the one-year statute of limitations governing § 2255 actions should be tolled to his benefit. *McCreary v. United States*, 2012 WL 2569077 *3 (W.D.N.C. 2012). The District Court also declined to issue a certificate of appealability because McCreary failed to make "a substantial showing of a denial of a constitutional right." *Id.*

In November of 2012, McCreary, represented by counsel, filed a second § 2255 motion in the Western District of North Carolina alleging that "the prior convictions which the Court used to find that Petitioner was a career offender are no longer valid in light of the Fourth Circuit's opinion in *United States v. Simmons* [citations omitted]." *McCreary v. United States*, 2013 WL 865530 *1 (W.D.N.C. 2013). The District Court dismissed this action for lack of jurisdiction because McCreary had not obtained the necessary authorization to file a second, successive § 2255 motion. *Id.* at *2. Further, the court declined to issue a certificate of appealability because McCreary failed to make a "substantial showing of a denial of a constitutional right." *Id.* McCreary appealed to the Fourth Circuit to request such an order, which the Fourth Circuit denied. *United States v. McCreary*, 3:06-cr-00190-RJC-1 (W.D.N.C.)(*Doc. 101*)(order denying authorization).

In May of 2013, McCreary, represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, or in the alternative, relief pursuant to either 28 U.S.C. § 1651, a writ of error *coram nobis* or a writ of *audita querela*. *McCreary v. United States*, 3:13-cv-00278-FDW 1 (W.D.N.C.)(*Doc. 1*)(petition for relief); *McCreary v. United States*, 2016 WL 1421185 *1 (W.D.N.C. 2016). In this action, filed in the Western District of North Carolina, McCreary again challenged his sentence and his designation as a career offender. *McCreary v. United States*, 2016 WL 1421185 *1 (W.D.N.C. 2016).  In addition to dismissing McCreary's alternate claims[2] for relief, the court dismissed McCreary's § 2241 habeas petition because he failed to demonstrate that the remedy afforded under § 2255 is inadequate or ineffective. *Id.* at *2.

In July of 2015, McCreary, appearing *pro se*, filed the present habeas petition seeking relief pursuant to 28 U.S.C. § 2241. *Doc. 1* at 2.  In his petition, McCreary challenges the constitutionality of his guilty plea as to count three of the indictment. *Id.*  He asserts that the government had an insufficient factual basis to punish him for discharging a firearm under 18 U.S.C. § 924(c)(1)(A)(iii), which

---

[2] Regarding McCreary's petition for relief *coram nobis*, the District Court held that "[c]oram nobis relief is only available when all other avenues of relief are inadequate and where the defendant is no longer in custody. . . Here, [McCreary] is in custody, rendering *coram nobis* relief unavailable." *McCreary v. United States*, 2016 WL 1421185 *2 (W.D.N.C. 2016)(citations omitted)  Similarly, *audita querela* relief is only available to "'plug a gap in the system of federal post conviction remedies,'" and "McCreary's claim does not fall within such a gap." *Id.* (citations omitted).

carries a statutory minimum sentence of ten-years imprisonment. *Doc. 1* at 2, 6, 10-12.[3] McCreary instead contends that he pleaded guilty to 18 U.S.C. § 924(c)(1)(A)(i) for "use" of a firearm, which carries a statutory minimum sentence of only five years. *Doc. 1* at 11. As a result, McCreary asserts that he is actually innocent of the more serious "discharging" offense for which he is incarcerated. *Doc. 1* at 10. In terms of relief, McCreary requests the Court to release him and declare his guilty plea unconstitutional. *Doc 1*. at 8.

In August of 2015, we ordered Respondent to show cause as to why McCreary should not be granted habeas corpus relief under § 2241. *Doc. 3* at 1. In September of 2015, Respondent filed a response opposing McCreary's § 2241 motion. *Doc 5*. McCreary subsequently filed a reply. *Doc. 6.*

**III. Discussion.**

In the present § 2241 habeas petition, McCreary challenges the constitutionality of his conviction and sentence. A federal prisoner generally must use 28 U.S.C. § 2255 to collaterally attack his conviction or sentence on constitutional grounds. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002).

---

[3] McCreary also challenges the validity of the four counts for which he was originally indicted, but which were ultimately dismissed pursuant to his plea agreement. *Doc. 1* at 1-2, 7, 10-14. *See also United States v. McCreary*, 3:06-cr-00190-RJC-1 (W.D.N.C.)(*Doc. 34*)(plea agreement). He also asserts his actual innocence as to those four counts. *Doc. 1* at 7, 12-13. Because these counts were dismissed, it is not necessary to assess their validity in the instant action.

A prisoner "can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention." *Manna v. Schultz,* 454 F. App'x. 31, 33 (3d Cir. 2010).

Respondent argues that McCreary's § 2241 habeas petition should be dismissed because McCreary has not demonstrated that § 2255 would provide an inadequate or ineffective remedy. *Doc. 5* at 7-10. In response, McCreary argues that under the United States Supreme Court's decision in *Bousley v. United States*, 523 U.S. 614 (1998), he need not demonstrate that § 2255 is inadequate or ineffective to challenge his guilty plea. *Doc. 6* at 1. McCreary also argues that the legal basis for his claim materially changed after he exhausted his original § 2255 motion. *Doc. 1* at 5.

We find that McCreary's *Bousley* argument is inapposite, and as a result, he has not met his burden to demonstrate that § 2255 is an inadequate or ineffective remedy. Further, McCreary's contention that the legal basis for his claim has materially changed is without merit. Therefore, because McCreary's claim is not the type of action that a federal prisoner can bring by way of a § 2241 habeas petition, we recommend that the petition for a writ of habeas corpus be dismissed for lack of subject-matter jurisdiction.

A prisoner "can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention." *Manna v.*

*Schultz,* 454 F. App'x 31, 33 (3d Cir. 2010). A motion under § 2255 is inadequate or ineffective only if "'some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971)(quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)).

Further, before a second or successive § 2255 motion may be considered by the district court, it must be certified by a three judge panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired,[4] or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). "It is the

---

[4] 28 U.S.C. § 2255 establishes a one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f).

inefficacy of the remedy, not the personal inability to utilize it, that is determinative." *Id.* at 538.  The petitioner has the burden of proving that the remedy afforded by § 2255 is inadequate or ineffective.  *Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001).

"The 'safety valve' provided under § 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law." *Brown v. United States*, 413 F. App'x 514, 516 (3d Cir. 2011).  In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the Third Circuit addressed the issue of when a prisoner may bring a § 2241 habeas petition after being denied leave to file a second or successive § 2255 motion. *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), in which the Court held that a defendant may not be convicted of using a firearm under 18 U.S.C. § 924(c) unless the government proves that the defendant "actively employed the firearm during and in relation to the predicate crime." *Dorsainvil,* 119 F.3d at 246-47 (quoting *Bailey,* 516 U.S. at 509).  After the *Bailey* decision, the petitioner in *Dorsainvil* filed an application to file a successive § 2255 motion claiming that on the basis of *Bailey* he was imprisoned for conduct that the Supreme Court had determined is not illegal. *Id.* at

9

247. The Third Circuit held that a prisoner who was convicted and filed his first § 2255 motion before the *Bailey* decision may not file a second § 2255 motion based on *Bailey* because the second motion based on *Bailey* does not present a claim of newly discovered evidence or a claim based on a new rule of constitutional law—the two situations in which § 2255 may allow a second or successive § 2255 motion. *Id.* at 247-48. Therefore, such a motion does not meet the stringent requirements created by the Antiterrorism and Effective Death Penalty Act for filing a second § 2255 motion. *Id*. at 248. Nevertheless, in *Dorsainvil*, the Third Circuit went on to hold that although a prisoner may not file a second § 2255 motion based on *Bailey,* he may file a 28 U.S.C. § 2241 habeas corpus petition. *Id*. at 251. The Third Circuit cautioned, however, that its holding was narrow:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.

*Id.*

The petitioners in *Dorsainvil* and similar cases were allowed to present their claims that they were imprisoned for conduct that the Supreme Court had determined is not illegal (actual innocence claim) in a § 2241 petition because they did not have a procedural opportunity to raise their claim in a § 2255 motion since they had filed a § 2255 motion prior to the *Bailey* decision and did not meet the requirements for filing a second § 2255 motion after *Bailey*. It was the fact that the petitioners in *Dorsainvil* and other similar cases did not have a procedural opportunity to raise their claims of actual innocence that led the courts in those cases to allow 28 U.S.C. § 2241 petitions. "In other words, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction can he avail himself of § 2241." *Donato v. Warden of U.S. Penitentiary*, 519 F. App'x 113 (3d Cir. 2013).

The Third Circuit applied *Bousley* in the unusual case of a prisoner who had no earlier opportunity to challenge his conviction. To support the type of actual innocence claim that would render a § 2255 petition inadequate, a petitioner must "establish that 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2015)(quoting *United States v. Garth*, 188 F.3d 99, 107 (3d Cir. 1999)(quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). "A petitioner can establish that no reasonable juror would have convicted him by demonstrating

an intervening change in law that rendered his conduct non-criminal." *Tyler*, 732 F.3d at 246 (citing *United States v. Davies*, 394 F.3d 182, 191 (3d Cir. 2005)(citing *Bousley*, 523 U.S. at 620).

Additionally, the Third Circuit has held that § 2255 is not an inadequate or ineffective vehicle for a federal prisoner to challenge his plea agreement. "Claims relating to breaches of plea agreements that would require invalidation of the underlying conviction or sentence must generally be raised in § 2255 motion." *Nichols v. United States*, 474 F. App'x 854, 856-57 (3d Cir. 2012)(citing *United States v. Williams*, 158 F.3d 736, 737–40 (3d Cir. 1998)(describing vacation of conviction and sentence due to alleged government breach of plea agreement as "quintessential relief in a § 2255 proceeding")).

Here, McCreary has not demonstrated that § 2255 is an "inadequate or ineffective" remedy. McCreary's claim does not fit within *Dorsainvil's* narrow exception because the actions for which he was imprisoned are still criminal. Further, unlike *Dorsainvil*, McCreary does not allege actual innocence (in that his conduct is no longer illegal), but instead alleges that he is innocent of the crime described in his plea agreement due to an error committed by the government. The Third Circuit in *Nichols* and *Williams* has made clear that such a challenge should be raised in a § 2255 motion.

Further, although McCreary alleges that the "legal basis for his claim materially changed after he exhausted his original § 2255 motion," he simply sites no evidence to support that proposition. *Doc. 1* at 5. Since his sentencing in 2007, McCreary has directly appealed to the Fourth Circuit, he has filed two § 2255 motions, and he has filed one § 2241 habeas petition. As Respondent points out, all of the cases that McCreary cites in his present action were adjudicated before 2000. Thus, the legal authority underpinning his present § 2241 habeas petition has been available to McCreary since his initial appeal in 2008. Therefore, McCreary does not appear to be in a materially different legal position, not only since he filed his original § 2255 motion, but also since filing each of his prior actions.

As a result, because McCreary is not in the unusual position of a prisoner who is actually innocent and did not have a prior opportunity to challenge his conviction, he may not proceed by way of a § 2241 habeas petition. Although McCreary may now be barred from filing a successive § 2255 motion, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. Therefore, because McCreary has not demonstrated that § 2255 is an inadequate or ineffective remedy, he may not avail himself of § 2241.

## IV. Recommendation.

For the foregoing reasons, we recommend that McCreary's § 2241 petition for a writ of habeas corpus be dismissed and that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 20th day of June, 2016.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge
